Wydy, J.
This is an action by plaintiff against his lessee, Jones, and his sureties, Whitney & Sanford, based upon a written contract of lease, to recover of defendants, in solido, the sum of $3,437 50, and interest, for the balance due on the lease of a dwelling-house, from 1st December, 1860, till 30th October, 1863. There was judgment against all the parties, and Sanford alone has appealed.
On 21st July, 1862, Jones vacated the premises, and returned the keys to plaintiff’s agent, who received them, but at the same time declared his intention of holding all parties to the lease liable for the rent due, and to become due.
There is no contest over the facts.
The question submitted to ns for determination is, whether the sureties of this contract of lease have been discharged irorn their liability by any act of plaintiff ?
*540 On the day of the execution of this contract of lease, the parties in curred the full measure of their respective obligations to each other. The legal obligation was perfected as to all the parties. Sanford, the appellant, by signing the written contract of lease as security, undertook to guarantee to the lessor that the lessee would in every respect discharge the duties of a faithful tenant, and pay the rent.
This guaranty or obligation of Sanford was one of the conditions upon which the lessee, Jones, was permitted to lease the dwelling-house from plaintiff.
Now, what act has plaintiff done in contravention of his duty as lessor? He accepted the keys of his own house, which the lessee had sent him after he had abandoned it.
He never agreed that said lessee might abandon the property, but promptly notified him that he would hold the sureties liable for all the rent due, and to become due.
Now Sanford contends that he should be released from his contract:
First. Because the lessor never notified him of the abandonment of the premises on 21st July, 1862.
Second. Because the lessee was permitted to remove his personal effects from the house, without any effort being made by plaintiff to enforce his lien.
Third. Because the lessor failed to relet the house, on the application of Dr. Ready.
Fourth. Because United States soldiers occupied the premises after they were abandoned by the lessee.
We will notice the points presented by appellant in the order in which they are made by him.
1. We know of no law making it the duty of the lessor to notify the surety of the lessee, that the premises have been abandoned.
It is enough that the lessor did no act to produce the abandonment, or impair the terms, of the contract of lease, or alter the thing “ during the continuance of the lease.” O. O. 668.
2. ■ The law does not require the lessor to enforce his lien against the lessee before the surety can be held liable.
In the case of Parker v. Alexander et al., this Court said: “It is not necessary, to enable a lessor to preserve her recourse against the surety of her lessee, that she should enforce her lien against the lessee himself. It is enough that she has done no act to destroy or impair the privilege, or which could have prevented her, at any moment, from subrogating the surety to all her rights. A surety, is- not discharged by the mere omission of the creditor to enforce or preserve a privilege. ” 2 A. 188.
8. The failure to relet the house, did not discharge the surety, Sanford.
In the case of Holden v. Tanner, this Court remarked that: “It is well-settled, as part of the law of landlord and tenant, under our' jurisprudence, that the lessee, who, without lawful cause, abandons the premises before the expiration of thelease, is at once bound for the rent of the whole term, and that the lessor does not destroy his recourse against the lessee, by letting them to new tenants, being, however, equitably bound to make an allowance to the original lessee for what he may thus collect.” 6 A. 74, 75 and 76.
*541 Our predecessors further remarked in that decision, that “the lessor, if he thought proper, might have left the premises wholly unoccvpied, and the lessee, and then his surety, would have been answerable for a larger sum. ”
4. In answer to the fourth position taken by appellant, we will state that this Court cannot perceive any reason why the surety of the lessee should be discharged, because after the lessee had voluntary abandoned the premises, without any lawful cause, the United States soldiers may have occupied the premises, especially as it is not shown that the lessor was instrumental in producing this occupancy.
It is therefore ordered that the judgment of the court below be affirmed, with costs.